BK1013845
SAB

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT AKRON

IN RE: | Case No. 10-55111

Stanley R. Holder | Chapter 7
Maria Holder |
| Judge Shea-Stonum
Debtors |

| **MOTION OF U.S. BANK, N.A.**
| **FOR RELIEF FROM STAY AND**
| **ABANDONMENT**
| **205 30TH STREET NORTHWEST,**
| **BARBERTON, OH 44203**

U.S. Bank, N.A. (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362, and for abandonment of property under Bankruptcy Code § 554.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On April 26, 2007, Debtors obtained a loan from First Place Bank in the amount of $100,000.00. Such loan was evidenced by a promissory note dated April 26, 2007 (the "Note"), a copy of which is attached as Exhibit "A".

3. To secure payment of the Note and performance of the other terms contained in it, the Debtors executed a Security Agreement in favor of First Place Bank dated April 26, 2007

(the "Security Agreement"). The Security Agreement granted a lien on 205 30th Street Northwest Barberton, OH 44203 owned by Debtors (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

    ☒    attached as Exhibit "B";

    OR

    ☐    contained in the Note, attached as Exhibit "A".

4.     The lien created by the Security Agreement was duly perfected by (check all that apply):

    ☒    Filing of the Security Agreement in the office of the Summit County Recorder on April 27, 2007

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

    ☐    Notation of the lien on the Certificate of Title.

    ☐    Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit "B". Based on the recording date of the subject mortgage, the lien is the First lien on the Collateral. "Said Note and Mortgage are subject to a Loan Modification Agreement, a copy of which is attached hereto as Exhibit "C".

5.     The entity in possession of the original Note as of the date of this motion is U.S. Bank, N.A., 800 Moreland Street, Owensboro, KY 42304.

6.     The entity servicing the loan is: the Movant.

7.     The Note was transferred, as evidenced by the following:

    a.     If the Collateral is real estate:

2

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

☐ N/A.

OR

☒ By endorsement on the Note, payable to ____U.S. Bank, N.A.____ .

OR

☐ By blank endorsement on the Note.

OR

☐ By allonge attached to the Note, payable to _____ .

OR

☐ By blank allonge, attached to the Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

_____
_____
_____

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit "<____>". Explain why it provides Movant the authority to endorse the Note:

_____
_____
_____

3

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.

iv. Other_____ [explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From the original lender, mortgagee, or mortgagee's nominee on April 27, 2007 to U.S. Bank, N.A. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "D".

9. The value of the Collateral is $100,000.00. This valuation is based on Debtor's Schedules.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $102,103.62, plus interest accruing thereon at the rate of 2.0% per annum [$5.54 per day] from January 26, 2011, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant.

The amount of the credit is $ N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- ☒ N/A.
- ☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $_____.
- ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.
- ☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

- ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <EXPLAIN>_____.
- ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.
- ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.
- ☒ Debtor has failed to make periodic payments to Movant for the months of September 2010, October 2010, November 2010, December 2010 and January 2011, which unpaid payments are in the aggregate amount of $3,033.06 through January 21, 2011. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.
- ☒ Debtor has no equity in the Collateral, because the Collateral is valued at $100,000.00, and including the Movant's lien, there are liens in an aggregate amount of $102,103.62 on the Collateral.
- ☐ Other cause (set forth with specificity):_____

5

14. Movant has completed the worksheet, attached as Exhibit "E".

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

☐ The Collateral is burdensome to the estate because _____.

☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Movant prays for an order from the Court:

a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law.

b) authorizing and directing the Chapter 7 Trustee to abandon the collateral under Bankruptcy Code § 554.

Respectfully submitted,

/s/ Michael R. Proctor
Michael R. Proctor
Ohio Supreme Court #0076240
(513) 241-3100 x-3224

LERNER, SAMPSON & ROTHFUSS
Romi T. Fox, Attorney
Bar Registration No. 0037174
Attorneys for Movant
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 25, 2011, a true and correct copy of the foregoing Motion of U.S. Bank, N.A. for Relief from Stay and Abandonment was served via Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Harold A. Corzin, - Trustee

Robert H Cyperski, Aty Esq., - Attorney for Debtors

Office of the U.S. Trustee

and by regular U.S. mail, postage prepaid, to:

Maria Holder
205 30th Street NW
Barberton, OH 44203

Stanley R. Holder
563 Fifth Street Lane
Apt. B
Barberton, OH 44203

/s/ Michael R. Proctor
Michael R. Proctor
Ohio Supreme Court #0076240
(513) 241-3100 x-3224
LERNER, SAMPSON & ROTHFUSS
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com